UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMARA L. BRANNON,<br><br>　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　Defendant. | Case No. 3:21-cv-00360<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

Plaintiff Tamara L. Brannon has filed a motion asking the Court to issue her an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 31.) Defendant Social Security Administration has responded that it has no opposition to Brannon's motion. (Doc. No. 32.) Brannon has not filed an optional reply brief but has filed a status update urging the Court to prioritize addressing the undisputed fee award. (Doc. No. 34.) The District Judge referred Brannon's motion to the undersigned Magistrate Judge for a report and recommendation. (Doc. No. 33.) For the reasons that follow, the Magistrate Judge will recommend that Brannon's motion for attorney fees be granted.

**I.　　Factual and Procedural Background**

Brannon filed this action under 42 U.S.C. § 405(g) seeking review of the Social Security Administration's decision to deny her application for Social Security Disability Insurance Benefits. (Doc. No. 1.) At the Court's direction, Brannon filed a motion for judgment on the administrative record. (Doc. No. 23.) The Administration then moved for the Court to enter judgment reversing its denial of benefits and remanding the case for further proceedings at the

agency level under sentence four of 42 U.S.C. § 405(g). (Doc. No. 27.) Brannon did not oppose that motion.

The Court granted the Administration's unopposed motion and remanded the action for further agency-level proceedings. (Doc. No. 29.) Brannon filed the pending motion for attorney fees (Doc. No. 31) after the Court entered final judgment (Doc. No. 30).

## II.     Legal Standard

The Equal Access to Justice Act (EAJA) directs that a court "shall award to a prevailing party other than the United States fees and other expenses" in civil actions including "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court has "broad discretion" to determine whether fees should be awarded under the statute. *Miller v. Berryhill*, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014).

## III.    Analysis

Brannon supports her motion for attorney fees under the EAJA with the affidavit of her attorney, Melissa Palmer (Doc. No. 31-1). Palmer states that 18.8 hours of attorney time and 5.9 hours of paralegal time were expended on Brannon's appeal. (*Id.*) Palmer further states that the EAJA's statutory rate of $125.00/hour for attorney time is appropriately adjusted under 28 U.S.C. § 2412(d)(2)(A)(ii) to reflect a cost-of-living increase documented by the Bureau of Labor Statistics Consumer Price Index (Doc. No. 31-2). Palmer calculates the adjusted hourly rate for attorney time to be $214.29 and the hourly rate for paralegal time to be $100.00. (Doc. No. 31-1.) Applying these rates to the hours expended on Brannon's appeal, Brannon requests a total fee award of $4,618.65. (*Id.*)

The Social Security Administration does not oppose the amount of time, hourly rates, or fee award that Brannon requests based on Palmer's affidavit. (Doc. No. 32.)

A court may award a higher hourly fee than the $125.00/hour rate set by the EAJA if it "'determines that an increase in the cost of living'" or other factors justify doing so. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4 (2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). Brannon has documented a cost-of-living increase that supports the requested proportional increase in the hourly rates of her attorney and her attorney's paralegal. She has provided detailed time records that support the claimed number of hours of work performed. (Doc. Noa. 31-3, 31-4, 31-5.) The Court therefore should grant Brannon the $4,618.65 award she requests, payable to Brannon and subject to offset for any preexisting debt Brannon may owe to the United States.[1] *Astrue v. Ratliff*, 560 U.S. 586 (2010).

---

[1] Brannon has executed a waiver of direct payment under the EAJA stating that, if she owes no debt to the United States, she consents to the fee award being paid directly to Palmer. (Doc. No. 31-6).

## IV. Recommendation

For these reasons, the Court should award Brannon attorney fees in the amount of $4,618.65. The award should be payable to Brannon and may be subject to offset to satisfy any preexisting debt Brannon owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of January, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge